CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 JUL 29  PM 2: 30

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RICHARD EDDINGS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-0162 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State

Custody. Petitioner is presently incarcerated at the Roach Unit in Childress County, Texas pursuant to

two (2) convictions, both for the offense of aggravated assault with a deadly weapon, out of Tarrant

County, Texas. By his federal habeas application, petitioner challenges a December 17, 2015 prison

disciplinary proceeding conducted at the Beto Unit in Tennessee Colony, Texas wherein petitioner

was found guilty of tampering with a locking device.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ

of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and

have received a punishment sanction which included forfeiture of previously accrued good-time

credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Review of the online Offender

Information Detail maintained by the Texas Department of Criminal Justice confirms petitioner is

incarcerated pursuant to two February 12, 2011 offenses for aggravated assault with a deadly weapon.

In his habeas application, in response to Question 16 on page 5, petitioner acknowledges he is not

HB54\DISCIP\R&R\Eddings.INEL:1

eligible for release on mandatory supervision and notes his conviction included a finding that he used

or exhibited a deadly weapon.  As petitioner is not eligible for mandatory supervised release, he may

not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus.

*See Malchi*, 211 F.3d at 958.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United

States District Judge that the petition for a writ of habeas corpus filed by petitioner RICHARD EDDINGS

be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation

to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _____29th_____ day of July 2016.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).